## Case No. 5,517.

### GOLDSBOROUGH v. JONES.

[2 Cranch, C. C. 305.] [1]

Circuit Court, District of Columbia. April Term, 1822.

BILLS AND NOTES—DEMAND OF PAYMENT—SUFFICIENCY.

1. If the maker of a promissory note, dated at the city of Washington, resides two miles out of the city, but within the county of Washington, and being a clerk in one of the executive departments of the government of the United States, and usually employed from ten to three o'clock in a room in the public executive buildings with other clerks, comes for that purpose, into the city in the morning, and returns to his house in the country in the evening, his absence from the room in the executive buildings at the time the notary called to demand payment of the note, although within the usual hours of public business, was no excuse for not making a personal demand, or a demand at his dwelling-house.

2. A demand of the bar-keeper of a tavern to which the livery stable was attached, in which he occasionally left his horse while at the office, is not a sufficient demand.

Assumpsit against the indorser of a promissory note for $654.22, payable 1st–4th January, 1820. The maker of the note was, at the time of making it, and for a long time before and after, a clerk in the department of war, and as such was daily employed at the said department in the city of Washington, from 10 o'clock, a. m. till 3 o'clock, p. m., and for that purpose came daily into the city from his dwelling-house in the county of Washington, about two miles out of the city, and returned to his house in the country at the close of office hours, at the said department, at 3 o'clock p. m. The defendant, the indorser, resided in the city. The note was deposited in the Bank of Columbia for collection; and on the last day of grace, between 3 and 4 o'clock p. m. was sent by the bank to the notary public for demand and notice, who went immediately to the room of the war department, wherein the maker of the note was usually employed as such clerk, for the purpose of demanding payment of the note; but being informed that the hours of business at the department were closed, and that the maker had gone home, he did not demand payment of the note at the office, but immediately proceeded to the hotel, where he understood the maker kept his horse while attending as clerk at the office, and, not finding the maker there he demanded of the bar-keeper of the hotel payment of the note, who answered that the maker of the note did not live in the city. Whereupon the notary protested the note, and immediately left a written notice of the dishonor of the note at the defendant's house in the city. On the next day, January 5th, 1820, during the usual office hours at the department, the notary went again to the same room of the war de-

partment, and inquired for the maker, and was answered by one of the clerks who wrote in the same office that he was not in; whereupon the notary made a second protest, and immediately left another written notice of the dishonor of the note with a servant at the defendant's house; and on the 6th of January, left a third notice of the dishonor of the note at the defendant's house. The maker never boarded or lodged at the hotel before mentioned.

This case was submitted to the court upon these facts, and it was agreed that if the court should thereupon be of opinion that the demand and notice above stated were sufficient to charge the defendant as indorser, the judgment should be for the plaintiff; otherwise for the defendant.

THE COURT rendered judgment for the defendant.